**FANENE FETAIAIGA, Appellant**

**v.**

**FANENE SU`A SCANLAN, Appellee**

High Court of American Samoa
Appellate Division

AP No. 11-94

July 23, 1996

Before RICHMOND, Associate Justice, ALARCON[*], Acting Associate Justice, UNPINGCO[**], Acting Associate Justice, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

---

[*]     Hon. Arthur L. Alarcon, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation of the Secretary of the Interior.

[**]     Hon. John S. Unpingco, Chief Judge, United States District Court for the District of Guam, sitting by designation of the Secretary of the Interior.

Counsel:        For Appellant, Tautai A.F. Fa`alevao
                 For Appellee, Arthur Ripley, Jr.

Order Denying Petition for Rehearing and Order to Show Cause:

This petition for rehearing arises from a dispute between two people holding the Fanene title of the Village of Pago Pago. Underlying this dispute is appellant Fanene Kava's ambition to exercise influence in the management of the land Lalopu`a. The trial court dismissed this action with prejudice, holding that it was barred by *res judicata*, having been litigated repeatedly. *Fanene v. Fanene*, LT No. 6-94, slip op. (Land & Titles Div. April 13, 1994). This court affirmed based on *res judicata*, holding that the exact issues raised by appellant had been resolved in *Fanene v. Fanene*, 19 A.S.R.2d 69 (Land & Titles Div. 1991), which was, itself, decided on grounds of *res judicata*. *Fanene v. Fanene*, AP No. 11-94, slip op. at 3 (App. Div. April 9, 1996).

Appellant concedes that this issue has been litigated before, but argues that our constitutional duty to protect Samoan custom should lead to a relaxation of the rule of *res judicata*. *See* REVISED CONST. OF AM. SAMOA, art. I § 3.

## STANDARD OF REVIEW

A rehearing is not a matter of right, but is a privilege granted at the discretion of the appellate court. 5 C.J.S. § 1409 (1985). The function of a rehearing is to correct errors of law or fact that the appellate court may have overlooked, leading to material errors. 5 C.J.S. § 1410 (1985).

## DISCUSSION

Appellant alleges that we applied the doctrine of *res judicata* too rigidly and in derogation of greater policy interests in preserving Samoan custom. It is true that the underlying values of *res judicata* must sometimes be balanced against the policies implicated by its application. *Spiker v. Hankin*, 188 F.2d 35, 38-39 (D.C. Cir. 1951). It is also true that the protection of Samoan custom is of primary constitutional importance in the legal and political system of American Samoa. REVISED CONST. OF AM. SAMOA, art. I § 3. However, it is not true that simply because a judicial decision implicates a compelling question of policy, the decision can never be final.

We recognize that the preservation of Samoan tradition is of paramount importance in American Samoa's constitutional system. We also recognize that the courts have a duty to interpret the law in accordance with Samoan custom whenever possible. In this case, however, the court has definitively

116

interpreted the relevant tradition. The fact that appellant refuses to accept the court's interpretation neither makes the decision any less binding, nor entitles her to litigate the issue indefinitely, because of its acknowledged importance.

Appellant cites former Chief Justice Gardner for the proposition that western legal principles and common law labels, such as the rule of *stare decisis*, do not always describe Samoan custom adequately. *See Tavai v. Silao*, 2 A.S.R.2d 1, 2 (Land and Titles Div. 1983). For instance, reliance on precedent does not always take into account the "shifting sands of custom." *Id.* Appellant then uses this statement to argue that the principle of *res judicata* does not comport with Samoan custom. Perhaps this is because the entire western court system is contrary to Samoan custom.

As eloquently stated by former Governor Coleman:

> Our American legal system—which operates in Samoa— is based on English jurisprudence as it has evolved over the centuries. It's a system of conflict resolution which produces clearly identifiable winners and losers. Our Samoan culture, on the other hand, is based on the thousands of years of the evolution of a Polynesian heritage of conflict resolution by consensus building. Whenever possible, we, as Polynesians, try to avoid conflict. When we can 't avoid conflict, we try to resolve it so everyone goes away a winner if at all possible.

Peter Tali Coleman, *Peter Tali Coleman on the F.B.I. Report*, SAMOA NEWS 10 (Aug 7, 1995).

■ Appellant is again attempting to use the courts of American Samoa to achieve a result that she could not achieve in the Samoan way, while arguing that Samoan custom supports her contentions. The western style court system delivers clearly identifiable winners and losers by providing decisive final decisions and orders that are legally binding and enforceable by the collective force of the community. Litigants who cannot win family support for their views, and decide instead to take their chances in court, should be aware that their interpretations of custom may not be persuasive to the court either.

Appellant cites *Davis & Cox v. Summa*, 751 F.2d 1507 (9th Cir. 1985), for the proposition that the doctrine of *res judicata* "is supported by reasonable public policy also." Appellant's Memo. at 3. Although we can find no language to this effect in the cited opinion, it does state, "A final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action. The judgment prevents litigation of

117

all grounds and defenses that were or could have been raised in the action." *Id.* at 1518 (citations omitted). In our opinion affirming the judgment of the trial court, we specifically found that "appellant or appellant's predecessor raised or could have raised in previous cases every issue appellant has raised in the present case." *Fanene v. Fanene*, AP No. 11-94, slip op. at 3 (April 9, 1996).

Furthermore, a petition for rehearing is meant to alert the court to any legal issues or authorities which it may have overlooked in the course of its decision, and will not be granted merely for the purpose of reargument of issues which have already been fully briefed, argued, and decided. *Owens v. Hagenback-Wallace Shows*, 112 A.L.R. 113, 124 (R.I. 1937). Appellant's argument regarding the doctrine of *res judicata* was adequately briefed on appeal, [Appellant's Br. at 19-20], and was plainly rejected by this court. We see nothing in appellant's petition that we have previously overlooked.

RULE 11

In affirming the judgment of the trial court, we said:

> The issues before the trial court have been litigated repeatedly, and need not be litigated again. The biggest mystery to us is why appellee has not attempted to impose . . . sanctions on appellant under T.C.R.C.P. Rule 11 or for taking a frivolous appeal. Perhaps such an action would finally convince appellant that the continuance of these lawsuits wastes both her and the court's time and resources.

*Fanene v. Fanene*, AP No. 11-94, slip op. at 4 (April 9, 1996) (citation omitted). Despite this stern warning, and our explicit rejection of his arguments, appellant's counsel brought this petition for rehearing, rearguing the same tired arguments that he had attempted on appeal, wasting more of the court's and his client's time and resources.

■ On March 1, 1996, the Chief Justice adopted an amended version of T.C.R.C.P. 11, which provides, in relevant part:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . .

118

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. . . .

It is presently manifest to this court that appellant's counsel violated this professional standard by filing this frivolous petition for rehearing, against the explicit warning of sanctions in our prior opinion.

## ORDERS

The petition for rehearing is denied.

Appellant's counsel shall, within 30 days after the entry of this order, file with the court a written response to show cause, if any he has, why he should not be sanctioned for violation of T.C.R.C.P. Rule 11(b).

It is so ordered.